IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[1] ENRIQUE K. FALCON-LOPEZ, aka Gordo, Nautica,<br><br>[2] LUIS PAGAN-TORRES, aka Luiso,<br><br>[3] FRANCISCO MARTINEZ-MENDOZA, aka Pito,<br><br>[4] DENNIS H. DITRAN, aka Dennis H. Ditran Phillips, Dennis Ditren,<br><br>[5] TOMAS BERMUDEZ-MONROIG,<br><br>[6] IVAN GONZALEZ-COSTA,<br><br>[7] JESUS M. CRUZ-MARTINEZ, aka Chobi,<br><br>and<br><br>[8] KARELYS OLMO-RODRIGUEZ,<br><br>Defendants. | SEALED INDICTMENT<br><br>Criminal No. 25-275 (RAM)<br><br>Violations:<br><br>Count 1<br>Mail, Wire, and Bank Fraud Conspiracy<br>18 U.S.C. §§ 1341, 1343, 1344, and 1349<br><br>Counts 2-5<br>Aggravated Identity Theft<br>18 U.S.C. § 1028A(a)(1)<br><br>Forfeiture:<br>18 U.S.C. § 982<br>21 U.S.C. § 853<br>28 U.S.C. § 2461<br><br>(Five Counts) |

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The Home Depot, Inc. ("Home Depot"), was a home improvement retailer incorporated in Delaware which offered credit accounts for its customers through Bank A.

2. Home Depot maintained numerous locations throughout the United States, Puerto Rico, and elsewhere.

3. Bank A was a financial institution as defined in 18 U.S.C. § 20.

4. Prospective Home Depot credit account holders commonly submitted an application containing their means of identification, including their name, address, date of birth ("DOB"), and social security number, among other information.

5. Home Depot consumer credit cards and other correspondence would be sent to customers through the U.S. Mail.

6. The Puerto Rico Department of Transportation and Public Works issued Puerto Rico drivers' licenses which contained a driver's license number ("DL Number").

7. Puerto Rico drivers' licenses contained means of identification, including the drivers' names, addresses, and DOBs.

## COUNT ONE
Conspiracy to Commit Mail, Wire, and Bank Fraud
18 U.S.C. §§ 1341, 1343, 1344, and 1349

8. The factual allegations of paragraphs 1 through 7 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

*The Conspiracy*

9. Beginning on a date unknown, but no later than in or about November 2020, through the date of the return of this Indictment, in the District of Puerto Rico, and elsewhere, the defendants:

[1] ENRIQUE K. FALCON-LOPEZ, aka Gordo, Nautica,

[2] LUIS PAGAN-TORRES, aka Luiso,

[3] FRANCISCO MARTINEZ-MENDOZA, aka Pito,

[4] DENNIS H. DITRAN, aka Dennis H. Ditran Phillips, Dennis Ditren,

[5] TOMAS BERMUDEZ-MONROIG,

[6] IVAN GONZALEZ-COSTA,

[7] JESUS M. CRUZ-MARTINEZ, aka Chobi,

and

[8] KARELYS OLMO-RODRIGUEZ,

and others, did knowingly and intentionally conspire:

    a.    to devise a scheme and artifice to defraud Home Depot, Inc. and Bank A and to obtain money and property from them by means of materially false and fraudulent pretenses, representations, and promises and, for the purpose of executing such scheme and artifice, to cause to be delivered matter and things by the U.S. Postal Service and other private and commercial interstate carriers according to the direction thereon, contrary to Title 18, United States Code, Section 1341;

    b.    to devise a scheme and artifice to defraud Home Depot, Inc. and Bank A and to obtain money and property from them by means of materially false and fraudulent pretenses, representations, and promises and, for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343; and

  c. to execute a scheme and artifice to defraud Bank A and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of Bank A by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

*Object of the Conspiracy*

10. The object of the conspiracy was for the co-conspirators to unjustly enrich themselves by stealing means of identification of other people and using it to defraud Home Depot and Bank A while preventing detection of the conspiracy and ensuring its continued success.

*Manner and Means of the Conspiracy*

11. The manner and means by which the defendants and their co-conspirators would accomplish and further the objects of the conspiracy included, among others, the following:

  a. Defendants and their co-conspirators would communicate over encrypted messaging services.

  b. Defendants and their co-conspirators would obtain means of identification of people through theft or other means.

  c. Defendants and their co-conspirators would use the means of identification to create hundreds of fraudulent Puerto Rico drivers' licenses.

  d. Defendants and their co-conspirators would create Puerto Rico drivers' licenses that contained some combination of stolen means of identification,

including names, DOBs, and DL numbers, along with photographs of defendants' and their co-conspirators' faces.

   e. Defendants and their co-conspirators would create fraudulent drivers' licenses which appeared to contain genuine authentication features found on legitimate drivers' licenses issued by the Commonwealth of Puerto Rico, including holographic film and watermarks.

   f. Defendants and their co-conspirators would use the unlawfully obtained means of identification and fraudulent drivers' licenses to open accounts at Home Depot.

   g. Defendants and their co-conspirators would use the accounts to purchase merchandise from Home Depot.

   h. Defendants and their co-conspirators would commonly make several purchases from Home Depot on one or more days.

   i. Defendants and their co-conspirators would take steps to avoid detection of the scheme, including surveilling Home Depot stores and Home Depot employees.

All in violation of Title 18, United States Code, Sections 1341, 1343, 1344, and 1349.

## COUNTS TWO through FIVE
Aggravated Identity Theft
18 U.S.C. § 1028A

On or about the dates listed below, in the District of Puerto Rico, the defendants:

[1] ENRIQUE K. FALCON-LOPEZ, aka Gordo, Nautica,

[2] LUIS PAGAN-TORRES, aka Luiso,

[3] FRANCISCO MARTINEZ-MENDOZA, aka Pito,

[4] DENNIS H. DITRAN, aka Dennis H. Ditran Phillips, Dennis Ditren,

[5] TOMAS BERMUDEZ-MONROIG,

[6] IVAN GONZALEZ-COSTA,

[7] JESUS M. CRUZ-MARTINEZ, aka Chobi,

and

[8] KARELYS OLMO-RODRIGUEZ,

aiding and abetting each other, did knowingly transfer, possess, and use, without lawful authority, means of identification of other persons during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), which was mail fraud in violation of Title 18, United States Code, Section 1341; wire fraud in violation of Title 18, United States Code, Section 1343; bank fraud in violation of Title 18, United States Code, Section 1344; and conspiracy in violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to another actual person:

| Count | Date | Description |
|---|---|---|
| 2 | April 12, 2021 | Name, DL Number, and DOB of N.R.G. |
| 3 | April 21, 2022 | Name and DOB of E.G. |
| 4 | November 9, 2023 | Name, DL Number, and DOB of C.D. |
| 5 | October 6, 2023 | Name and DOB of R.K.D. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946) (co-conspirator liability).

## FORFEITURE NOTICE
(18 U.S.C. § 982)

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction for the offense set forth in Count One of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

3. The property to be forfeited includes, but is not limited to, a sum of money in United States currency representing the amount of property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of said offenses.

4. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code,

Section 982(b)(2), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRUE BILL

FOREPERSON
Date: June 12, 2025

W. STEPHEN MULDROW
United States Attorney

Myriam Y. Fernández-González
Assistant United States Attorney
Chief, Asset Recovery & Money
Laundering Division

Daniel J. Olinghouse
Assistant United States Attorney

8